T.C. Memo. 1996-379

UNITED STATES TAX COURT

SARAH R. ELGART AND STEPHEN K. GLASSMAN, Petitioners <u>v</u>.
        COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4941-96.                    Filed August 15, 1996.

<u>Phyllis A. Steinhauer</u>, for petitioners.

<u>Marilyn Devin</u>, for respondent.

MEMORANDUM OPINION

DAWSON, <u>Judge</u>:  This case was assigned to Special Trial
Judge Larry L. Nameroff pursuant to section 7443A(b) and Rules

180-182.[1]  The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below.

OPINION OF THE SPECIAL TRIAL JUDGE

NAMEROFF, Special Trial Judge:  This case is before us on respondent's Motion to Dismiss For Lack of Jurisdiction on the ground that petitioners failed to file their petition within the time period prescribed by section 6213(a).

Background

Prior to March of 1995, respondent commenced an examination of petitioners' 1992 return.  On March 16, 1995, petitioners signed and filed Form 2848, Power of Attorney and Declaration of Representative, appointing their attorney, Phyllis A. Steinhauer (Ms. Steinhauer), 128 Eighth Street, Manhattan Beach, California 90266, as their attorney-in-fact for the taxable year 1992.  Line 7 of the Form 2848 provides:

> Notices and Communications.--Notices and other written communications will be sent to the first representative listed in line 2. [i.e., Ms. Steinhauer]

On the Form 2848, petitioners showed their home address as 703 Palms Boulevard, Venice, California  90291-3848 (the Palms address).

---

[1]  All section references are to the Internal Revenue Code. All Rule references are to the Tax Court Rules of Practice and Procedure.

By notice of deficiency dated December 14, 1995, respondent determined a deficiency in petitioners' 1992 Federal income tax in the amount of $23,842, plus an addition to tax under section 6651(a)(1) in the amount of $1,745 and an accuracy-related penalty under section 6662(a) in the amount of $4,768. The notice of deficiency was sent by certified mail to petitioners at the Palms address. According to the certified mail receipt, the deficiency notice was delivered by the U.S. Postal Service and signed for on December 15, 1995.

In a letter dated December 14, 1995, Richard R. Orosco, District Director of the Los Angeles Office of the Internal Revenue Service (IRS), advised Ms. Steinhauer that materials pertaining to the petitioners were being furnished to her pursuant to a power of attorney on file with the IRS. A copy of the notice of deficiency, clearly dated December 14, 1995 and stamped "ORIGINAL", was attached to the letter. The envelope containing this letter and the copy of the deficiency notice has an illegible postmark date; however, the envelope and its contents were stamped as "received" by Ms. Steinhauer on December 18, 1995. The copy of the deficiency notice was not sent by certified mail or registered mail to Ms. Steinhauer.

On December 18, 1995, Ms. Steinhauer telephoned Cynthia Lowden, assistant manager of the 90-day section of the Los Angeles IRS Office, regarding the final date for filing a

petition with this Court. Ms. Steinhauer was advised that the final due date for filing a petition with this Court was March 14, 1996. Ms. Steinhauer sent a letter confirming this information to Ms. Lowden at the IRS on December 18, 1995.

On January 25, 1996, petitioner Stephen K. Glassman and Ms. Steinhauer attended a meeting with Revenue Agent Kim Slater. During that meeting they were advised by Ms. Slater that a petition with this Court could be filed and was due by March 14, 1996.

Petitioners filed a petition for redetermination with this Court on March 18, 1996. The petition was delivered to the Court by certified mail in an envelope bearing a U.S. postmark date of March 14, 1996. The 90-day period for filing a petition with this Court expired on Wednesday, March 13, 1996, which date was not a legal holiday in the District of Columbia.

As indicated, respondent filed a Motion to Dismiss for Lack of Jurisdiction on the ground that the petition was not filed within the 90-day period prescribed in section 6213(a). On June 3, 1996, petitioners filed an objection to respondent's motion to dismiss, alleging that respondent failed to mail the original deficiency notice by registered or certified mail to their last known address, which they contend is the address of their authorized representative Ms. Steinhauer, and, as a result, the 90-day period to file a petition did not begin to run until the

actual receipt of the deficiency notice by Ms. Steinhauer on December 18, 1995. In addition, petitioners contend that they received and relied on advice from the IRS regarding the due date of the petition.

## Discussion

This Court's jurisdiction to redetermine a deficiency depends upon the timely issuance of a valid notice of deficiency and a timely filed petition. Rule 13(a), (c); Monge v. Commissioner, 93 T.C. 22, 27 (1989); Normac, Inc. v. Commissioner, 90 T.C. 142, 147 (1988). Section 6212(a) authorizes the Secretary or his delegate, upon determining that there is a deficiency in income tax, to send a notice of deficiency "to the taxpayer by certified or registered mail." Section 6212(b) provides that a notice of deficiency, in respect of an income tax, "shall be sufficient", if it is "mailed to the taxpayer at his last known address". Generally, the Commissioner has no duty to effectuate delivery of the notice after it is mailed. Monge v. Commissioner, supra at 33.

Neither section 6212 nor the regulation promulgated thereunder, section 301.6212-1, Proced. & Admin. Regs., defines what constitutes a taxpayer's "last known address". We have defined it as the taxpayer's last permanent address or legal residence known by the Commissioner, or the last known temporary address of a definite duration to which the taxpayer has directed

the Commissioner to send all communications during such period. Weinroth v. Commissioner, 74 T.C. 430, 435 (1980); Alta Sierra Vista, Inc. v. Commissioner, 62 T.C. 367, 374 (1974), affd. without published opinion 538 F.2d 334 (9th Cir. 1976). Stated otherwise, it is the address to which, in light of all the surrounding facts and circumstances, the Commissioner reasonably believed the taxpayer wished the notice to be sent. Weinroth v. Commissioner, supra. The relevant focus is thus on the Commissioner's knowledge, rather than on what in fact may have been the taxpayer's actual address in use. Brown v. Commissioner, 78 T.C. 215, 219 (1982) (citing Alta Sierra Vista, Inc. v. Commissioner, supra.)

In Abeles v. Commissioner, 91 T.C. 1019 (1988), we held that a taxpayer's last known address is the address shown on his most recent return, absent clear and concise notice of a change of address. Monge v. Commissioner, supra at 28. However, once respondent has become aware of a change in address, she must use reasonable care and diligence in ascertaining and mailing the notice of deficiency to the correct address. Whether respondent has properly discharged this obligation is a question of fact. Weinroth v. Commissioner, supra at 435-436; Alta Sierra Vista, Inc. v. Commissioner, supra at 374.

A validly executed power of attorney may suffice to render an attorney's address as the taxpayer's "last known address" if

it directs that all original notices and written communications be sent to the taxpayer at the attorney's address. See D'Andrea v. Commissioner, 263 F.2d 904 (D.C. Cir. 1959); Reddock v. Commissioner, 72 T.C. 21 (1979); Lifter v. Commissioner, 59 T.C. 818, 821 (1973).

The Forms 2848 executed by the parties in the above-cited cases directed the taxpayers to choose between having originals or copies of all notices and written communications sent to their representatives. The new Form 2848, which was revised in March of 1991 and which is involved in this case, provides simply that "notices and other written communications will be sent" to the taxpayer's designee. We have previously held that such language is sufficient to render the address of the taxpayer's representative as the "last known address" of the taxpayer. See Honts v. Commissioner, T.C. Memo. 1995-532.

Even if a validly executed power of attorney directs that all notices and communications relating to the taxpayers be delivered to the attorney, the failure to send a notice of deficiency to the attorney, as directed, is not necessarily fatal. See Paul v. Commissioner, T.C. Memo. 1985-21. It is clearly established that if mailing results in actual notice without prejudicial delay, the notice of deficiency meets the conditions of section 6212(a) no matter what address was used. McKay v. Commissioner, 886 F.2d 1237 (9th Cir. 1989), affg. 89

T.C. 1063 (1987); <u>Clodfelter v. Commissioner</u>, 527 F.2d 754 (9th Cir. 1975), affg. 57 T.C. 102 (1971); <u>Needham v. Commissioner</u>, T.C. Memo. 1993-440.

In the present case it is irrelevant whether Ms. Steinhauer's address or the Palms address was petitioners' last known address.  On December 14, 1995, respondent mailed a notice of deficiency to petitioners at the Palms address.  A copy of the deficiency notice and a letter from the IRS, both dated December 14, 1995, were also mailed to Ms. Steinhauer's address pursuant to the power of attorney.  Petitioners received the deficiency notice on December 15, 1995, and Ms. Steinhauer received the deficiency notice on December 18, 1995.

Regardless of which address was the last known address, an individual at each address received the notice in time for petitioners to timely file a petition.  See <u>Mulvania v. Commissioner</u>, 81 T.C. 65 (1983), affd. 769 F.2d 1376 (9th Cir. 1985).  The last day to timely file a petition with this Court was on March 13, 1996; however, the petition was not mailed until March 14, 1996.  Petitioners failed to file the petition within the 90-day period prescribed in section 6213(a).  Accordingly, petitioners did not timely file their petition, and we lack jurisdiction.

We disagree with petitioners' argument that respondent must send the original notice of deficiency to petitioners' last known

address.[2]  See <u>Mulvania v. Commissioner</u>, <u>supra</u> at 67-68.  We note

that the United States Court of Appeals for the Third Circuit has

squarely addressed and rejected petitioners' argument in <u>Berger</u>

<u>v. Commissioner</u>, 404 F.2d 668 (3d Cir. 1968), affg. 48 T.C. 848

(1967).  In <u>Berger</u> at 675 the Court stated:

> We therefore reject a construction of the procedural
> provisions of section 6212 which would yield the
> startling conclusion that a notice given to clients and
> their lawyer is inadequate even though they received it
> in due course, simply because the lawyer's copy should
> have been the original, and the channel of certified
> mail which was used for the taxpayers should have been
> used for the lawyer.

Moreover, petitioners' argument that because the IRS did not send

an original of the deficiency notice to Ms. Steinhauer, the date

of her receipt commences the 90-day period for filing of the

petition lacks merit.

Turning to petitioners' argument that they were advised by

several employees of the IRS that the date by which a petition

must be filed in this case was March 14, 1996, we are unable to

provide any relief for petitioners.  The law is clear that

erroneous legal advice rendered by employees of the IRS generally

is not binding on the Commissioner.  <u>Dixon v. United States</u>, 381

U.S. 68, 72-73 (1965); <u>Schuster v. Commissioner</u>, 312 F.2d 311

(9th Cir. 1962), affg. in part and revg. in part 32 T.C. 998 and

---

[2]  However, as indicated earlier, it appears that the copy
Ms. Steinhauer received was stamped "ORIGINAL".  In this day of
modern communication and photocopies, there is little to
distinguish an original from a copy stamped "ORIGINAL".

32 T.C. 1017 (1959); <u>Fortugno v. Commissioner</u>, 41 T.C. 316 (1963), affd. 353 F.2d 429 (3d Cir. 1965).  In any event, the Commissioner cannot waive the jurisdictional requirements, and jurisdiction cannot be established by estoppel.  The notice of deficiency provides "If you want to contest this determination in court before making any payment, you have 90 days from the date of this letter * * * to file a petition with the United States Tax Court for a redetermination of the deficiency."  The date stamped on the notice of deficiency was clearly December 14, 1995.  Petitioners and their counsel had the responsibility for correctly calculating the end of the 90-day period.

Because the petition was not mailed until 91 days after the mailing of the notice of deficiency, we conclude that the petition was not timely filed within meaning of sections 7502(a) and 6213(a).  Accordingly, we shall grant respondent's motion to dismiss this case for lack of jurisdiction.[3]

In order to give effect to the foregoing,

---

[3]  Although petitioners cannot pursue their case in this Court, they are not without a remedy.  In short, petitioners may pay the tax, file a claim for refund with the Internal Revenue Service, and, if the claim is denied, sue for refund in the appropriate Federal District Court or in the U.S. Court of Federal Claims.  See <u>McCormick v. Commissioner</u>, 55 T.C. 138, 142 (1970).

<u>An order will be entered granting respondent's Motion to Dismiss For Lack of Jurisdiction</u>.