T.C. Memo. 2009-252


UNITED STATES TAX COURT


SUZANNE GORMELEY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 26814-08.                   Filed November 9, 2009.


<u>Carlton M. Smith</u>, for petitioner.

<u>Robert W. Mopsick</u>, for respondent.


MEMORANDUM OPINION


COHEN, <u>Judge</u>:  The petition in this case was filed in response to a notice of final determination denying relief under section 6015 for unpaid Federal income tax for 2004.  This case is now before the Court on cross-motions to dismiss for lack of jurisdiction.  Respondent's motion is based on petitioner's failure to file the petition within 90 days from the mailing of

the notice.  Petitioner's motion seeks dismissal for lack of jurisdiction on the ground that she was not a party to a joint Federal income tax return.  All section references are to the Internal Revenue Code.

## Background

Some of the facts have been stipulated, and the stipulated facts are incorporated as our findings by this reference. Petitioner resided in New Jersey at the time that she filed her petition.

Petitioner and Erdal Kaya (Kaya) were married on March 30, 2004.  During 2004, both petitioner and Kaya were employed in a Dunkin' Donuts franchise owned by Poshka, Inc.  Petitioner was paid $2,000.83 by Poshka, Inc., during 2004, and $58 was withheld for Federal income tax.  Kaya was paid $42,725.92 by Poshka, Inc., during 2004, and $561 was withheld for Federal income tax.

In 2005, Kaya told petitioner that he would have an accountant prepare tax returns for them for 2004, but petitioner does not recall seeing or signing a return for 2004.  Sometime in 2005, Kaya left the United States and returned to Turkey. Petitioner has not lived with Kaya since that time although they are not yet divorced.  She now denies that she intended to be a party to a joint return for 2004.

According to Internal Revenue Service (IRS) records, a joint Federal income tax return was filed for petitioner and Kaya for

2004, reporting $40,109 as adjusted gross income, $813 as income tax due, and $817 as income tax withheld. On examination of the return, the IRS disallowed certain itemized and business deductions that had been claimed and allowed only the standard deduction for a joint return. On January 7, 2008, the IRS assessed additional tax, an accuracy-related penalty, and interest, bringing the amount due to $2,942.97.

On January 31, 2008, petitioner submitted a Form 8857, Request for Innocent Spouse Relief, to the IRS. She did not answer the questions on the Form 8857 relating to whether she and Kaya had filed a joint return. On July 23, 2008, the IRS sent to petitioner, at her correct address, a final determination denying her request for relief. The original final determination was returned to the IRS by the U.S. Postal Service marked "unclaimed", and a copy was mailed to petitioner on September 29, 2008, after she inquired about it. The petition was postmarked October 29, 2008, 98 days after the first mailing of the final determination.

Respondent filed a motion to dismiss for lack of jurisdiction on the ground that the petition was untimely under section 6015(e)(1)(A) or 7502. Petitioner responded with a cross-motion to dismiss for lack of jurisdiction, alleging that the Court's jurisdiction under section 6015(b), (c), and (f) is dependent on the filing of a joint return and that she did not

file a joint return with Kaya for 2004.  In an affidavit in support of her cross-motion, petitioner stated:

> I never told Erdal to file a joint return for 2004, and I did not authorize him to sign a joint return for me.  I had assumed that he would get a married filing separately return prepared for me, if he desired, though I thought one was not required.  However, I may have been shown and asked to sign a Form 1040 for 2004 prepared as married filing jointly and may have signed it.  I would have to see a copy of that return.  I have no copy of that return in my records, so I have not been able to see whether Erdal signed it for me or I signed it without paying attention to what was on the return.  * * *

## Discussion

During the hearing on the pending motions, petitioner's counsel candidly stated:

> So, what I'm trying to ask the Court here to do is try to help my client out here by finding a way to rule because this is an equitable thing that Congress really wanted to help taxpayers get some ruling from the Court under 6015(e).  Try to throw this case out on the basis it gives my client some help that there wasn't a joint return.  So that's why the Court has to say, well, what's the whole purpose of this statute, what was Congress intending here.  It wanted equity, it wanted to help the spouse even after they couldn't make an argument of a deficiency case, that this should be part of what the Court can do.

In the process, counsel asks us to make a categorical finding on an ambiguous factual record and to disregard or overrule prior opinions of the Court.  While we commend his desire to serve his client, we decline the invitation.

Shortly before the hearing on the pending motions, petitioner suggested an alternative to the theory asserted in the

cross-motion to dismiss for lack of jurisdiction. Petitioner "withdrew" a prior concession that she did not timely file the petition and argued:

> (1) that the 90-day period of section 6015(e) in which to file a petition is not jurisdictional, but rather is a statute of limitations subject to equitable tolling, and (2) that her filing of the petition herein was timely because, due to her belated receipt of the notice of determination on or after September 30, 2008, equitable tolling applies, and the 90-day period should not begin to run before that date of receipt. Since petitioner mailed her petition to this Court on October 29, 2008 (29 or fewer days after her receipt of the notice), and the Court filed it on November 3, 2008, the petition was timely under equitable tolling.

Petitioner acknowledges that her argument is contrary to the Court's holding in Pollock v. Commissioner, 132 T.C. __ (2009), but she argues that Pollock was "incorrectly decided". In that regard she relies on other recent decisions favoring relief to taxpayers under entirely different circumstances. Petitioner's generalized reliance on "equity" and "policy considerations" cannot overcome a jurisdictional defect. See, e.g., Healy v. Commissioner, 351 F.2d 602, 603 (9th Cir. 1965); Maier v. Commissioner, 119 T.C. 267, 276 (2002), affd. 360 F.3d 361 (2d Cir. 2004); Axe v. Commissioner, 58 T.C. 256, 259 (1972). There is no dispute that the notice was sent to petitioner's last known address. There is no special or compelling inequity here.

Petitioner urges us to deny respondent's motion to dismiss and to grant petitioner's motion to dismiss by analogy to other cases in which the Court has had before it cross-motions to

dismiss for lack of jurisdiction with respect to a petition filed more than 90 days after a notice of deficiency was sent.  In some such cases, the Court will grant a taxpayer's motion on the ground that the notice of deficiency was not sent to the taxpayer's last known address and was therefore invalid.  In those cases, however, we have followed the truism that our jurisdiction depends on a valid notice and a timely petition. See Pietanza v. Commissioner, 92 T.C. 729, 735-736 (1989), affd. without published opinion 935 F.2d 1282 (3d Cir. 1991); Keeton v. Commissioner, 74 T.C. 377, 379 (1980).

In this case, there is no suggestion that the final determination sent in response to the Form 8857 request by petitioner is invalid.  In situations where a timely petition was filed in response to a valid notice but the taxpayer denies that he or she was party to a joint return, the Court has decided the case on the merits and entered a decision rather than dismissing the case for lack of jurisdiction.  See Alt v. Commissioner, 119 T.C. 306, 311-312 (2002), affd. 101 Fed. Appx. 34 (6th Cir. 2004); Raymond v. Commissioner, 119 T.C. 191, 197 (2002).

Petitioner suggests that the Court "arguably rendered a different jurisdictional holding" in Bernal v. Commissioner, 120 T.C. 102 (2003), where the Court dismissed for lack of jurisdiction a spouse's claim for relief under section 66.  The rationale of that case is that Congress had not by statute

provided this Court with jurisdiction under section 66, in contrast to section 6015, where the grant of jurisdiction is explicit. See Bernal v. Commissioner, supra at 107-108. Petitioner argues that a footnote in Bernal v. Commissioner, supra at 106-107 n.6, citing Raymond v. Commissioner, supra at 195-196, for the proposition that provisions of section 6015 for relief from joint and several liability are inapplicable and dismissal in Bernal for lack of jurisdiction, means that "the Court was, *sub silencio*, denying jurisdiction under section 6015(e) for lack of joint returns". This argument is meritless. The Court does not overrule or modify precedents by inference in footnotes.

The predicates for our jurisdiction in a stand-alone proceeding under section 6015 are a claim by a taxpayer, a final determination, and a timely petition. See sec. 6015(e)(1). Among the conditions for relief under section 6015 is that a joint return was filed, but that condition is not set forth as a prerequisite to our review of denial of a claim for relief. If the taxpayer's claim is rejected for failure to satisfy the conditions set forth under section 6015(b), (c), or (f), our review is on the merits of the claim. Petitioner's position would require a review of the merits in every section 6015 case where the filing of a joint return is disputed, even where, as here, the parties agree that ultimately there is no jurisdiction.

If jurisdiction is lacking, as it is here because the petition was not timely, we do not and should not proceed to address the merits.

We have considered petitioner's other arguments. They are irrelevant or unpersuasive. For the reasons set forth above, petitioner's motion to dismiss will be denied, respondent's motion will be granted, and the case will be dismissed for lack of jurisdiction on the ground that the petition was not filed timely.

<u>An appropriate order of dismissal for lack of jurisdiction will be entered</u>.