16-3034
*Matuszak v. Commissioner of Internal Revenue*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

—————————

August Term 2016

(Argued: April 20, 2017     Decided: July 5, 2017)

Docket No. 16–3034

LINDA JEAN MATUSZAK,

*Petitioner-Appellant,*

–v.–

COMMISSIONER OF INTERNAL REVENUE,

*Respondent-Appellee.*

—————————

Before:     CALABRESI, WESLEY, and LOHIER, *Circuit Judges.*

Petitioner-appellant Linda Jean Matuszak appeals from a December 29, 2015 order of the United States Tax Court (Marvel, *C.J.*) dismissing her untimely petition for innocent spouse relief for lack of jurisdiction, and from a July 29, 2016 order of the same court denying Matuszak's motion to vacate the order of dismissal. Matuszak concedes her petition was filed after the ninety-day period specified in I.R.C. § 6015(e)(1)(A), but argues the deadline may be tolled for equitable reasons. We conclude the statutory period is jurisdictional and AFFIRM.

———————————

JEFFREY ZINK, Federal Tax Clinic, Harvard Law School, Jamaica Plain, MA (T. Keith Fogg, Federal Tax Clinic, Harvard Law School, Jamaica Plain, MA; Carlton M. Smith, New York, NY, *on the brief*), *for Petitioner-Appellant*.

RICHARD CALDARONE, Attorney, Tax Division (Diana L. Erbsen, Deputy Assistant Attorney General, Gilbert S. Rothenberg, Francesca Ugolini, Attorneys, Tax Division, *on the brief*), for Caroline D. Ciraolo, Principal Deputy Assistant Attorney General, Washington, D.C., *for Respondent-Appellee*.

———————————

PER CURIAM:

The Internal Revenue Code generally holds spouses jointly and severally liable for the entire tax due on a joint return. *See* I.R.C. § 6013(d)(3). Section 6015 creates several

exceptions to that rule. It relieves a spouse of joint and several liability in certain circumstances in which the other spouse fails to report income or reports it improperly, the couple is legally separated or no longer living together, or it would be inequitable to hold the spouse liable for the amount due. *See* I.R.C. § 6015(b)(1), (c), (f). If the Internal Revenue Service (the "IRS") denies a request for relief under § 6015, also known as "innocent spouse relief," the spouse has ninety days from the date of the IRS's final determination to petition the United States Tax Court for review. *See id.* § 6015(e)(1)(A).

This appeal arises from the dismissal of a petition for innocent spouse relief based on petitioner-appellant Linda Jean Matuszak's failure to comply with the ninety-day deadline in § 6015(e)(1)(A). The issue is whether Matuszak's failure to file the petition within the statutorily prescribed period deprives the Tax Court of jurisdiction to review her claim. We conclude that it does and affirm the dismissal of Matuszak's untimely petition for lack of jurisdiction.

## I.

Matuszak and her husband filed joint income tax returns in 2007 and 2008. In 2012, Matuszak's husband pleaded guilty to charges of fraud and filing a materially false income tax return, in violation of 18 U.S.C. §§ 1341, 1342 and I.R.C. § 7206(1), for engaging in a scheme to defraud his employer of more than $1 million and failing to report the stolen money as income. As part of the plea agreement, Matuszak's husband agreed to "file legal and

accurate amended income tax returns . . . for calendar years 2007 and 2008," J.A. 72, which resulted in income tax deficiencies of approximately $333,964 for 2007 and $105,055 for 2008, *see id.* at 83. The Matuszaks stipulated to the deficiencies, and the IRS assessed them the amounts due.

In March 2014, Matuszak requested innocent spouse relief for both taxable years. The IRS granted her request for the 2008 deficiency, but denied relief for the 2007 deficiency in a final notice of determination dated October 7, 2014. Ninety-one days later, on January 6, 2015, Matuszak mailed a petition to the Tax Court seeking review of that decision.

The IRS moved to dismiss Matuszak's petition for lack of jurisdiction based on her failure to comply with the ninety-day deadline in § 6015(e)(1)(A). That section details how—and, crucially, when—a spouse may petition the Tax Court for review of the IRS's denial of innocent spouse relief:

> In addition to any other remedy provided by law, the individual may petition the Tax Court (and the Tax Court shall have jurisdiction) to determine the appropriate relief available to the individual under this section if such petition is filed . . . not later than the close of the 90th day after the date [the IRS issues its final notice of determination, or six months after the date the request was made].

I.R.C. § 6015(e)(1)(A).

4

The IRS asserted that ninety days after the October 7 notice of determination was January 5, not January 6. Therefore, even if the Tax Court treated Matuszak's petition as if it had been filed on the date it was mailed, *see* I.R.C. § 7502(a), the IRS argued the petition was one day late and beyond the court's jurisdiction to review. In response, Matuszak conceded she did not file the petition by January 5 but urged the court to deem it timely for equitable reasons. Specifically, she alleged that two IRS agents informed her she had until "the end of business on January 7" to petition the Tax Court for review. J.A. 19.

The Tax Court (Marvel, *C.J.*) granted the IRS's motion and dismissed Matuszak's petition for lack of jurisdiction. The court held that its jurisdiction under § 6015(e) "depends, in part, on the timely filing of a petition." *Id.* at 22. Matuszak did not timely file her petition, the court determined, because she did not mail it within ninety days of the IRS's determination. Relying on settled Tax Court precedent, the court declined to extend the statutory period for equitable reasons, noting that even "erroneous legal advice cannot eliminate, by estoppel or otherwise, the jurisdictional requirement for a timely filed petition." *Id.* at 23 (citing *Elgart v. Comm'r*, T.C. Memo. 1996–379, 72 T.C.M. (CCH) 398, at *4 (Aug. 15, 1996)). The Tax Court denied Matuszak's motion to vacate the order of dismissal, and this appeal followed.

## II.[1]

Is the ninety-day deadline in § 6015(e)(1)(A) a jurisdictional limit on the Tax Court's authority to review a petition for innocent spouse relief? The answer to that question is more than semantic. *See Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). "Branding a rule as going to a court's subject-matter jurisdiction alters the normal operation of our adversarial system," *id.*, and "deprives a court of all authority to hear a case" when a litigant fails to comply, *United States v. Kwai Fun Wong*, 135 S. Ct. 1625, 1631 (2015).

Given the "drastic consequences" of labeling a procedural rule as jurisdictional, the Supreme Court "has endeavored in recent years to bring some discipline to the use of [that] term." *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012) (internal quotation marks omitted). Accordingly, the Court has "pressed a stricter distinction between truly jurisdictional rules, which govern 'a court's adjudicatory authority,' and non-jurisdictional 'claim processing rules,' which do not." *Id.* (quoting *Kontrick v. Ryan*, 540 U.S. 443, 454–55 (2004)); *see also Hoogerheide v. I.R.S.*, 637 F.3d 634, 638 (6th Cir. 2011) (describing a non-jurisdictional rule as one that "goes to a plaintiff's right to relief, not to his [or her] right to enter the federal courts").

---

[1] We have jurisdiction to review the Tax Court's decision, *see* I.R.C. § 7482(a)(1), and that review is *de novo*, *see Maier v. Comm'r*, 360 F.3d 361, 363 (2d Cir. 2004).

Statutes of limitation and other filing deadlines typically fall into the latter category. Although they may use mandatory, even emphatic, terms, they often "seek to promote the orderly progress of litigation, . . . not deprive a court of authority to hear a case." *Wong*, 135 S. Ct. at 1632 (internal quotation marks omitted); *see also Musacchio v. United States*, 136 S. Ct. 709, 717 (2016) (the statute of limitations for federal crimes in 18 U.S.C. § 3282(a) "does not expressly refer to subject-matter jurisdiction or speak in jurisdictional terms"); *Sebelius v. Auburn Reg'l Med. Ctr.*, 568 U.S. 145, 154 (2013) (the time period to appeal to a review board under 42 U.S.C. § 1395*oo*(a)(3) contains no "words with jurisdictional import"); *Henderson*, 562 U.S. at 438 (the deadline to file a notice of appeal with the Veterans Court under 38 U.S.C. § 7266(a) "does not speak in jurisdictional terms or refer in any way to the jurisdiction of the Veterans Court" (internal quotation marks and brackets omitted)).

Nevertheless, "Congress is free to attach the conditions that go with the jurisdictional label to a rule that we would prefer to call a claim-processing rule." *Henderson*, 562 U.S. at 435. When Congress "clearly states" that a statutory limit is jurisdictional, we must treat it that way, *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 515 (2006)—"even if equitable considerations would support extending the prescribed time period," *Wong*, 135 S. Ct. at 1631.

The ninety-day deadline at issue here is one of the "rare" statutory periods that speak in clear jurisdictional terms. *See Wong*, 135 S. Ct. at 1632. Section 6015(e)(1)(A) provides that "the Tax Court *shall have jurisdiction* . . . to determine the appropriate relief available to [an] individual

7

under this section *if* [the] petition is filed . . . not later than" the earlier of ninety days after the date the IRS mails its final notice of determination, or six months after the request was made. I.R.C. § 6015(e)(1)(A) (emphases added). Not only did Congress place the grant of jurisdiction and the time limitation in the same sentence and subsection, it expressly conditioned the Tax Court's jurisdiction on the timely filing of a petition: "the Tax Court shall have jurisdiction . . . *if* [the] petition is filed" within the specified period. *Id.* (emphasis added).[2]

Statutory context confirms that reading. The subsection immediately following § 6015(e)(1)(A) states that the IRS may not undertake collection of the spouse's tax liability as it relates to the request for innocent spouse relief until the ninety-day period for petitioning the Tax Court expires, or, if the spouse files a petition, until the Tax

---

[2] Our sister circuits and the Tax Court have construed a similarly-worded deadline to petition the Tax Court in a collection due process hearing as jurisdictional. *See* I.R.C. § 6330(d)(1). Section 6330(d)(1) provides that a person who receives a determination from the IRS following a collection due process hearing "may, within 30 days of [the] determination . . . petition the Tax Court for review of such determination (and the Tax Court shall have jurisdiction with respect to such matter)." Like the ninety-day deadline in § 6015(e)(1)(A), the thirty-day deadline in § 6330(d)(1) is "set forth in the same sentence of the statute" and is "explicitly linked" to the Tax Court's jurisdiction. *Guralnik v. Comm'r,* 146 T.C. 230, 237 (2016); *accord Hauptman v. Comm'r*, 831 F.3d 950, 953 (8th Cir. 2016); *Gray v. Comm'r,* 723 F.3d 790, 793 (7th Cir. 2013).

Court's decision becomes final. *See* I.R.C. § 6015(e)(1)(B)(i). It further states that "[t]he Tax Court shall have no jurisdiction . . . to enjoin any action or proceeding *unless a timely petition has been filed* under subparagraph (A)." *Id.* § 6015(e)(1)(B)(ii) (emphasis added). Read alongside § 6015(e)(1)(B), the ninety-day deadline in § 6015(e)(1)(A) represents "[t]he most obvious example" of a jurisdictional rule, because Congress clearly and repeatedly expressed that it imposes a jurisdictional limit on the Tax Court's authority. *See Miller v. FDIC*, 738 F.3d 836, 844 (7th Cir. 2013) (citing *Arbaugh*, 546 U.S. at 515).[3]

Moreover, we have construed another statutory requirement in the same subsection of § 6015 as jurisdictional. The prefatory language to § 6015(e)(1) reads: "In the case of an individual . . . who elects to have [innocent spouse provisions] apply, . . . the individual may

---

[3] The Seventh Circuit recently concluded that a similar clause in I.R.C. § 6213(a) renders the ninety-day deadline to petition the Tax Court in a deficiency case jurisdictional. *See Tilden v. Comm'r*, 846 F.3d 882, 886–87 (7th Cir. 2017). Like § 6015(e)(1)(B), § 6213(a) states that "[t]he Tax Court shall have no jurisdiction to enjoin any action or proceeding or order any refund under this subsection unless a timely petition for a redetermination of the deficiency has been filed." I.R.C. § 6213(a). According to the Seventh Circuit, that clause alone contains "the magic word[s]" that deprive the Tax Court of jurisdiction over untimely petitions. *Tilden*, 846 F.3d at 886. The ninety-day deadline at issue here speaks in equally clear jurisdictional terms, because it is linked to the Tax Court's jurisdiction in both § 6015(e)(1)(A) and § 6015(e)(1)(B).

petition the Tax Court (and the Tax Court shall have jurisdiction) to determine the appropriate relief available to the individual under this section." I.R.C. § 6015(e)(1). In *Maier*, we interpreted that language to mean that the spouse who petitions the Tax Court must be the spouse seeking innocent spouse status, and that the Tax Court lacks jurisdiction to review a petition by the non-electing spouse. *See Maier*, 360 F.3d at 363–64. Because the Tax Court "may exercise jurisdiction only pursuant to specific legislative enactments" and "nowhere in § 6015 is the Tax Court conferred with jurisdiction . . . to hear a non-electing spouse's petition," *id.*, we held that the statute restricts the court's jurisdiction to a petition by the electing spouse. *See id.* at 365.

The same is true with respect to the ninety-day filing period in § 6015(e)(1)(A), which contains a stronger jurisdictional link than the clause we considered in *Maier*. The plain meaning of § 6015(e)(1)(A) is that the Tax Court "shall have jurisdiction" over a petition for innocent spouse relief *only* "if [the] petition is filed" within ninety days of the IRS's final determination or six months after the request was made. *See* I.R.C. § 6015(e)(1)(A). Indeed, "we cannot read § 6015 any other way than to preclude jurisdiction" over a petition filed after the ninety-day period. *See Maier*, 360 F.3d at 364.[4] The timeliness requirement is explicitly

---

[4] We are not alone in concluding that the text and context of § 6015(e)(1)(A) signal Congress's intent to treat the deadline as jurisdictional. The Tax Court has long held that the ninety-day period is jurisdictional. *See, e.g., Pollock v. Comm'r*, 132 T.C. 21,

10

linked to the statute's grant of jurisdiction; it therefore imposes a jurisdictional limit on the Tax Court's authority to hear the claim.[5]

## III.

Because § 6015(e)(1)(A) expressly references the Tax Court's jurisdiction and conditions that jurisdiction on the timely filing of a petition, the ninety-day deadline is jurisdictional. We therefore agree with the Tax Court that it lacks jurisdiction to entertain Matuszak's untimely petition for innocent spouse relief. The orders of the Tax Court are AFFIRMED.

---

28–32 (2009); *Gormeley v. Comm'r*, T.C. Memo. 2009-252, 98 T.C.M. (CCH) 420, at *2–3 (Nov. 9, 2009); *Sykes v. Comm'r*, T.C. Memo. 2009-197, 98 T.C.M. (CCH) 150, at *4–5 (Sept. 3, 2009). And the Third Circuit has recently arrived at the same conclusion. *See Rubel v. Comm'r*, 856 F.3d 301, 304–06 (3d Cir. 2017).

[5] Although the Tax Court lacks jurisdiction to review an untimely petition for innocent spouse relief, taxpayers who miss the ninety-day deadline in § 6015(e)(1)(A) may have other means, outside the Tax Court, to seek review of the IRS's determination. *See* Appellee's Br. 47 (suggesting that a taxpayer may pay the assessed deficiency and then seek review of the IRS's denial of innocent spouse relief in a refund suit in federal district court or the Federal Court of Claims). We express no opinion on the availability of those alternative remedies in this case.