*Sisters and Brothers Investment v. Verchereau*, No. 229-3-18 Cncv (Toor, J., Dec. 21, 2018).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

SUPERIOR COURT
Chittenden Unit

CIVIL DIVISION
Docket No. 229-3-18 Cncv

---

Sisters and Brothers Investment vs. Verchereau

---

## ENTRY REGARDING MOTION

Count 1, Landlord Tenant (229-3-18 Cncv)
Count 2, Landlord Tenant (229-3-18 Cncv)

Title:         **Motion to Dismiss** (Motion 3)
Filer:         Anthony Verchereau
Attorney:    Mairead C. O'Reilly
Filed Date:   November 28, 2018

Response filed on 12/03/2018 by Attorney David H. Greenberg for Plaintiff Sisters and Brothers Investment
Reply filed on 12/10/2018 by Attorney Mairead C. O'Reilly for Defendant Anthony Verchereau

Background

This is an eviction action. On September 14, 2017, Plaintiff Sisters & Brothers Investment Group (Landlord) issued what it called a "60-day letter" to Defendant Anthony Verchereau (Tenant) asking him to vacate his month-to-month tenancy effective "at the end of November" 2017. Ex. 2 to Motion to Dismiss. On February 19, 2018, Landlord served Tenant with the complaint in this action. Tenant filed an answer on March 9, 2018. On March 14, 2018 Landlord filed the complaint with the court.

In July of 2018, the parties entered into a stipulation by which Tenant could remain in the apartment if he complied with a payment plan. Stipulated Order (July 23, 2018). The agreement provided for dismissal of the case in November 2018 if Tenant met

his obligations under the agreement. If he did not, it provided that Landlord would be entitled to a 5-day writ of possession, as well as a money judgment, based upon an affidavit from Landlord. The stipulation also stated that each party "releases the other from any claim . . . or action against the other that was raised or could have been raised in this action." Id. ¶ 5. The case remained open.

On November 14, 2018, Landlord filed a motion for a writ of possession based upon Tenant's failure to comply with the stipulation. The court granted that order and issued final judgment, but gave Tenant the right to seek reconsideration by requesting an immediate hearing. Tenant did so on a pro se basis, and a hearing was scheduled for November 28. At the hearing, no evidence was taken on the motion for reconsideration because counsel appeared with Tenant and filed a motion to dismiss. It is that motion that is now before the court.

### The Motion

Tenant argues that the case must be dismissed for lack of jurisdiction for two reasons. First, because the complaint was initiated by service more than 60 days after the vacate date. 9 V.S.A. § 4467(k)("A notice to terminate a tenancy shall be insufficient to support a judgment of eviction unless the proceeding is commenced no later than 60 days from the termination date set forth in the notice."). Second, because the notice to vacate did not contain a set termination date. Id. §4467(f)("In all cases the termination date shall be specifically stated in the notice.")

Tenant is correct about the facts, as Landlord concedes. First, the vacate date was vague. The letter was dated September 14, said it was a "60-day notice," and described the termination date as "the end of November 2017." Motion, Ex. 2. At the latest the vacate

2

date was the last day of November: November 30. The case was initiated by service on February 19, 2018.[1] By statute, it was required to be served or filed by the end of January.

The question before the court is whether Tenant has the right to raise these issues now. He did not raise them in his answer, prior to entering into the July stipulation, or at any other time prior to the court issuing judgment. Tenant argues that these issues can be raised at any time because they go to the court's subject matter jurisdiction. Landlord responds in a very sparse memorandum that (1) a claim that the limitations period passed must be raised before judgment is issued, and (2) the settlement agreement here constituted waiver of any such claim. He does not address the lack of a specific date in the notice to vacate.

Subject Matter Jurisdiction

Tenant is correct that Rule 12 allows claims that the court lacks subject matter jurisdiction to be raised at any time. It states: "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." V.R.C.P. 12(h)(3); *see also* Soucy v. Soucy Motors, 143 Vt. 615, 617 (1983)("[Objections] to jurisdiction over the subject-matter in litigation are always timely."). This includes raising the issue after judgment has been entered. "It is axiomatic that lack of subject matter jurisdiction . . . may be raised for the first time on appeal. . ." Braun v. Greenblatt, 2007 VT 53, ¶ 7, 182 Vt. 29, quoting Town of Charlotte v. Richmond, 158 Vt. 354, 358 (1992). In addition, "[s]ubject matter jurisdiction cannot be waived." Town of Charlotte, 158 Vt. at 358.

---

[1] In addition, although not raised by Tenant, the court notes that the case was filed more than 21 days after service, another violation of the rules. *See* V.R.C.P. 3.

On the other hand, "[a] claim that a statute of limitations bars a suit is an affirmative defense, and, as such, it is waived if not raised in the answer to the complaint." S.E.C. v. Amerindo Inv. Advisors, 639 F. App'x 752, 754 (2d Cir. 2016); *see also* John R. Sand & Gravel Co. v. United States, 552 U.S. 130, 133 (2008) ("[T]he law typically treats a limitations defense as an affirmative defense that the defendant must raise at the pleadings stage and that is subject to rules of forfeiture and waiver.").

## The 60-Day Deadline

The first question, then, is whether the 60-day deadline is jurisdictional or a statute of limitations. This distinction is one that has led to a great deal of litigation in many courts. The modern trend, however, appears to be that a filing deadline is not jurisdictional. *See, e.g.*, United States v. Kwai Fun Wong, 135 S. Ct. 1625, 1632 (2015) ("[M]ost time bars are nonjurisdictional."); Sebelius v. Auburn Reg'l Med. Ctr., 568 U.S. 145, 154 (2013) ("[W]e have repeatedly held that filing deadlines ordinarily are not jurisdictional; indeed, we have described them as 'quintessential claim-processing rules.'"); Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982)("[F]iling a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling."). The Second Circuit recently explained:

> Given the "drastic consequences" of labeling a procedural rule as jurisdictional, the Supreme Court "has endeavored in recent years to bring some discipline to the use of [that] term." Gonzalez v. Thaler, 565 U.S. 134, 141, 132 S.Ct. 641, 181 L.Ed.2d 619 (2012) (internal quotation marks omitted). Accordingly, the Court has "pressed a stricter distinction between truly jurisdictional rules, which govern 'a court's adjudicatory authority,' and non–jurisdictional 'claim processing rules,' which do not." Id. . . .
>
> Statutes of limitation and other filing deadlines typically fall into the latter category. Although they may use mandatory, even emphatic, terms, they often "seek to promote the orderly progress of litigation, . . . not deprive

4

a court of authority to hear a case." <u>Wong</u>, 135 S.Ct. at 1632 (internal quotation marks omitted).

 <u>Matuszak v. Comm'r of Internal Revenue</u>, 862 F.3d 192, 196 (2d Cir. 2017).

In addressing how a court should analyze the question, the U.S. Supreme Court has explained:

> We inquire whether Congress has 'clearly state[d]' that the rule is jurisdictional; absent such a clear statement, we have cautioned, courts should treat the restriction as nonjurisdictional in character. This is not to say that Congress must incant magic words in order to speak clearly. We consider context, including this Court's interpretations of similar provisions in many years past, as probative of whether Congress intended a particular provision to rank as jurisdictional.

<u>Auburn Reg'l Med. Ctr.</u>, 568 U.S. at 153–54 (internal quotations and citations omitted). Thus, courts have focused on the wording and location of the language used by the legislators. For example, in <u>Matuszak</u> the court found that Congress had made its jurisdictional intent clear because the statute said that "the Tax Court shall have jurisdiction" if the taxpayer's petition was filed within a defined 90-day period. <u>Matuszak,</u> 862 F. 3d 192, 196-97. The court also focused on the fact that the deadline and the jurisdictional language were in the same sentence. <u>Id</u>.; *see also* <u>Washington v. Ryan</u>, 833 F.3d 1087, 1118 (9th Cir. 2016) ("Section 2107 appears in a part of Title 28 entitled 'Procedure,' not in the part entitled 'Jurisdiction and Venue'"); <u>Menominee Indian Tribe of Wisconsin v. United States</u>, 614 F.3d 519, 524 (D.C. Cir. 2010)(internal quotation and citation omitted)("Whether a statutory time limit or other prerequisite to suit is jurisdictional is discerned by looking to the condition's text, context, and relevant historical treatment.").[2]

---

[2] Even stating that a claim shall be "forever barred" if a deadline is missed does not make the deadline jurisdictional. <u>Wong</u>, 135 S.Ct. at 1632 (language "forever barred unless . . . action is begun within six months . . . speaks only to a claim's timeliness, not to a court's power."); <u>Nauflett v. Comm'r of Internal</u>

Our Supreme Court addressed a similar question recently in a medical malpractice action in which the plaintiff had failed to file the statutorily required "certificate of merit." Quinlan v. Five-Town Health All., Inc., 2018 VT 53. The trial court had dismissed the case based on that failing. Plaintiff was arguing that the dismissal was one based on subject matter jurisdiction, because that would give him the benefit of a statute allowing refiling despite the expiration of the statute of limitations. The Court rejected the claim. In reaching that conclusion, the court noted that "'[s]ubject matter jurisdiction' refers to the power of a court to hear and determine a general class or category of cases," and that "the superior court traditionally has had the power to hear medical malpractice claims." Id. at ¶¶ 27-28 (citations omitted). It went on: "We see no evidence that in enacting § 1042, the Legislature intended to limit the power of the court to hear this category of cases. Section 1042 nowhere mentions the word 'jurisdiction.'" Id. ¶ 28.

As the Court has noted in another case, "the superior court is presumed to retain jurisdiction over all civil actions unless the Legislature has clearly indicated to the contrary." Lamell Lumber Corp. v. Newstress Int'l, Inc., 2007 VT 83, ¶ 7, 182 Vt. 282. The Court found "nothing in the language of . . . the [arbitration statute] . . . that suggests a legislative intent—implied or otherwise—to 'oust' the superior court of general

---

Revenue, 892 F.3d 649, 652 (4th Cir. 2018) ("using mandatory language is not enough to classify the provision as jurisdictional."). As the U.S. Supreme Court explained in Wong:

> [T]he language might be viewed as emphatic—"forever" barred—but (again) we have often held that not to matter. What matters instead is that § 2401(b) does not speak in jurisdictional terms or refer in any way to the jurisdiction of the district courts. It does not define a federal court's jurisdiction over tort claims generally, address its authority to hear untimely suits, or in any way cabin its usual equitable powers. Section 2401(b), in short, reads like an ordinary, run-of-the-mill statute of limitations, spelling out a litigant's filing obligations without restricting a court's authority.

Wong, 135 S. Ct. at 1632–33 (internal quotations and citations omitted).

jurisdiction over a civil suit arising from a contract containing an arbitration agreement." Id.

The same is true here. The language at issue reads as follows:" A notice to terminate a tenancy shall be insufficient to support a judgment of eviction unless the proceeding is commenced no later than 60 days from the termination date set forth in the notice." 9 V.S.A. § 4467(k). It does not say "the court shall have no jurisdiction to decide the case if the claim is not filed within 60 days," or "the court shall have jurisdiction over any claim filed within 60 days." The language is in a section entitled "Termination of tenancy; notice." Nothing in the section expressly discusses jurisdiction, and as with most Vermont statutes there is no legislative history cited to explain the reason it was added to the statute. There is no dispute that eviction cases generally are within the court's jurisdiction, as is true with medical malpractice cases. There is nothing in this provision suggesting an intent to take away that jurisdiction if landlords miss the 60-day filing deadline.

The court concludes that the provision, while a valid basis for dismissal if it had been raised in a timely manner, is not a jurisdictional provision.

<u>The Requirement for a Date Certain</u>

Tenant also argues that the failure to give a specific move-out date in the notice to vacate, in violation of 9 V.S.A. § 4467(f)[3], is jurisdictional. A panel of the Vermont Supreme Court declined to consider a similar question in <u>Andrus v. Dunbar</u>, 2005 VT 48, 178 Vt. 554 (mem.). There, the tenant argued that the two notices to vacate were inadequate because one failed to state the reason for termination, and the second had a termination date later than the date the case was filed. <u>Id</u>. ¶ 3. The court declined to decide

---

[3] Landlord fails to say a word about this issue in his opposition, which the court takes as a concession that a date certain is required.

7

whether such noncompliance with the statute was jurisdictional. Id. ¶ 10 (ruling "without resting our decision on jurisdictional grounds.").

Other courts have reached differing conclusions on the issue. *Compare* Zindler v. Buchanon, 61 A.2d 616, 617 (D.C. 1948)("[W]hile a notice to quit is a condition precedent to filing such a suit, this is not true in a jurisdictional sense.") *with* Symonds v. Green, 493 N.W.2d 801, 803 (Iowa 1992) ("Because Symonds failed to notify Green of her right to cure the nonpayment of rent prior to termination of the rental agreement, the trial court lacked jurisdiction to hear her forcible entry and detainer action."); Rowenhorst v. Johnson, 204 N.W. 173 (S.D. 1925)("[T]he service of the notice to quit is jurisdictional."). The cases finding that such failures are jurisdictional, however, offer no analysis to support such a conclusion. They also predate the more recent Vermont and federal cases discussed above. They lack any persuasive value.

The court's analysis above on the issue of the 60-day notice applies equally here. The court finds nothing in the provision at issue to suggest that a failure to give a date certain deprives the court of jurisdiction. Thus, the defense is waivable.

## Waiver

The next question is whether the defenses were actually waived because not raised earlier. This appears to involve two questions: (1) whether such issues can be raised post-judgment, and (2) whether the express waiver of any "claim or action" against Landlord in the July stipulation encompasses a waiver of affirmative defenses. Although Landlord conclusorily states these arguments in his opposition, he fails to brief the issues in any useful way, citing no rules, statutes or cases. Tenant has likewise not addressed these arguments, having focused solely on the jurisdictional issue. Thus, the court will offer both sides the opportunity for further briefing before it rules on these issues.

<u>Order</u>

The parties may file any additional memoranda by January 7.

Dated at Burlington this 21st day of December, 2018.

_____
Helen M. Toor
Superior Court Judge

<u>Notifications</u>:
David H. Greenberg (ERN 4318), Attorney for Plaintiff Sisters and Brothers Investment
Mairead C. O'Reilly (ERN 8234), Attorney for Defendant Anthony Verchereau