FILED
United States Court of Appeals
Tenth Circuit

March 14, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

LINDSEY K. SPRINGER,

Petitioner-Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE,

Respondent-Appellee.

No. 10-9001
(Tax Ct. No. 3781-09L)

**ORDER AND JUDGMENT**[*]

Before **HOLMES** and **McKAY**, Circuit Judges, **PORFILIO**, Senior
Circuit Judge.

Petitioner Lindsey K. Springer appeals from an order of the Tax Court that

dismissed, for lack of jurisdiction, his petition seeking a collection due process

(CDP) hearing under 26 U.S.C. § 6320 to challenge the validity of a notice of

federal tax lien for tax years 1990-1996. Finding no error, we affirm.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

The Tax Court's decision sets out the procedural history in full, and we repeat only the most salient facts here. By at least 1996, the IRS began its attempts to collect unpaid taxes for tax years 1990-1996 from Mr. Springer. Extensive proceedings have been held, including, but not limited to, a CDP hearing, a Tax Court proceeding, and an appeal to this court, which were all resolved in the Commissioner's favor. *See Springer v. Comm'r*, 580 F.3d 1142, 1144 (10th Cir. 2009), *cert. denied*, 130 S. Ct. 1907 (2010). In August 2008, the IRS mailed another notice of federal tax lien for tax years 1990-1996 to Mr. Springer. In September 2008, Mr. Springer made another request to the IRS's Office of Appeals for a CDP hearing for tax years 1990-1996, which was denied as untimely. Because no hearing was held, the Office of Appeals did not issue a notice of determination under 26 U.S.C. §§ 6320(c) and 6330. Mr. Springer then filed his petition in the Tax Court, which dismissed because no notice of determination had been issued to support its exercise of jurisdiction, as required by § 6330(d)(1). Mr. Springer appeals.

We review the Tax Court's factual findings for clear error, but we review its legal conclusions de novo. *Estate of Holl v. Comm'r*, 967 F.2d 1437, 1438 (10th Cir. 1992). Whether the Tax Court correctly dismissed a petition for lack of jurisdiction is a mixed question of law and fact. *Anderson v. Comm'r*, 62 F.3d 1266, 1270 (10th Cir. 1995).

Mr. Springer frames the following four issues in his opening brief on appeal: (1) whether the Tax Court had jurisdiction over his petition; (2) that the Secretary of the Treasury had no lien as a matter of law; (3) that he never received any notice under 26 U.S.C. § 6320; and (4) that the certificate of release of federal tax lien is the final word. But although Mr. Springer frames one of his issues in terms of the Tax Court's jurisdiction, he does not actually present any argument or authority in his opening brief showing that the Tax Court had jurisdiction over his petition.

"'The Tax Court is a court of limited jurisdiction.'" *Richards v. Comm'r*, 37 F.3d 587, 588 n.4 (10th Cir. 1994) (quoting *Comm'r v. McCoy*, 484 U.S. 3, 7 (1987)). When a taxpayer seeks a hearing under 26 U.S.C. § 6320(b) to challenge a tax lien, the provisions of § 6330(c), (d) (except for (d)(2)(B)), (e), and (g) apply. § 6320(c). Section 6330(d)(1) provides for "[j]udicial review of [the notice of] determination[,]" stating that "[t]he person may, within 30 days of a determination under this section, appeal such determination to the Tax Court (and the Tax Court shall have jurisdiction with respect to such matter)." § 6330(d)(1). The Tax Court's jurisdiction therefore "'is dependent on the issuance of a valid notice of determination and a timely petition for review.'" *Boyd v. Comm'r*,

451 F.3d 8, 11 (1st Cir. 2006) (quoting *Offiler v. Comm'r*, 114 T.C. 492, 498 (2000)).[1]

Mr. Springer does not dispute that his September 2008 request for a CDP hearing was denied and that no notice of determination was issued. Instead, he argues that the IRS did not mail the August 2008 notice of federal tax lien to his "last known address," relying on three cases in which the issue was whether the IRS mailed a notice to the taxpayer's "last known address." These cases are inapposite, however, because none of them addressed the jurisdictional issue presented in this appeal. *See Armstrong v. Comm'r*, 15 F.3d 970, 973-76 (10th Cir. 1994) (affirming Tax Court's dismissal of taxpayer's petition as

---

[1]    The Supreme Court recently held that the statutory 120-day deadline on filing appeals to the United States Court of Veterans Claims (Veterans Court) is not jurisdictional, but is, rather, a claim-processing rule that may be subject to equitable exceptions. *Henderson ex rel. Henderson v. Shinseki*, No. 09-1036, 2011 WL 691592, at *4-*10 (U.S. Mar. 1, 2011). The Court concluded that *Bowles v. Russell*, 551 U.S. 205 (2007), "did not hold categorically that every deadline for seeking judicial review in civil litigation is jurisdictional" and that the reasoning of that decision does not compel "a categorical rule regarding review of administrative decisions[.]" *Henderson*, 2011 WL 691592, at *6, *7.

Like the Veterans Court, the Tax Court is also an Article I court. However, the Congressional scheme defining the Tax Court's jurisdiction is significantly different from "the unique administrative scheme" for veterans-benefit review and the Veterans Court's place in it, as described in *Henderson*. *See Henderson*, 2011 WL 691592, at *7. Most significantly, the terms of 26 U.S.C. § 6330(d)(1) clearly refer to the Tax Court's jurisdiction. *Cf. Henderson*, 2011 WL 691592, at *8 (noting first, among several factors, that statute allowing Veterans Court's review of benefits decision "do[es] not suggest, much less provide clear evidence, that the provision was meant to carry jurisdictional consequences"). Under the Supreme Court's analysis in *Henderson*, the requirements for an appeal to the Tax Court under 26 U.S.C. § 6330(d)(1) are jurisdictional.

untimely because time to file petition ran from mailing of the notice of deficiency and taxpayer failed to show that the Tax Court's determination that the address the IRS had used as his last known address for mailing the notice of deficiency was clearly erroneous or that the IRS failed to exercise reasonable diligence in determining taxpayer's last known address); *Cyclone Drilling, Inc. v. Kelley*, 769 F.2d 662, 663-66 (10th Cir. 1985) (reversing grant of summary judgment to IRS in action for injunctive relief by taxpayer and remanding to district court because there was a genuine issue of material fact as to whether the IRS sent a notice of deficiency to his last known address); *Benson v. United States*, No. CIV. 99-0056 LH/KBM, 2000 WL 506784, at *2-*3 (D. N.M. Mar. 20, 2000) (granting IRS's motion to dismiss and/or for summary judgment in taxpayer's federal action seeking injunctive relief against tax collection because taxpayer failed to produce evidence that she provided clear and concise notice of a different address than the IRS used to mail the notice of deficiency). We find no error in the Tax Court's decision to dismiss Mr. Springer's petition based on the absence of a valid notice of determination.

It is unnecessary to address Mr. Springer's other arguments, none of which go to the Tax Court's jurisdiction.

AFFIRMED.

Entered for the Court


Jerome A. Holmes
Circuit Judge