UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILLIAM THOMPSON, | No. 11-73535 |
| Petitioner - Appellant, | Tax Ct. No. 11905-11L |
| v. | |
| COMMISSIONER OF INTERNAL REVENUE, | ORDER |
| Respondent - Appellee. | |

Before:    SCHROEDER, HAWKINS, and GOULD, Circuit Judges.

Commissioner of Internal Revenue's motion to amend the opinion is granted. The memorandum disposition filed on July 5, 2012, is withdrawn. A new memorandum disposition will be filed concurrently with this order.

Having not raised an issue of fact or law that would warrant relief, Thompson's petition for panel rehearing is denied.

No further filings will be entertained in this closed appeal.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 31 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

WILLIAM C. THOMPSON,

　　　　　　　Petitioner - Appellant,

　　v.

COMMISSIONER OF INTERNAL
REVENUE,

　　　　　　　Respondent - Appellee.

No. 11-73535

Tax Ct. No. 11905-11L

MEMORANDUM[*]

Appeal from a Decision of the
United States Tax Court

Submitted June 26, 2012[**]

Before:　　SCHROEDER, HAWKINS, and GOULD, Circuit Judges.

　　William C. Thompson appeals pro se from the Tax Court's decision

dismissing his appeal concerning tax years 1993-2004 and 2006 for lack of subject

matter jurisdiction.　We have jurisdiction under 26 U.S.C. § 7482(a).　We review

---

　　[*]　　This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

　　[**]　　The panel unanimously concludes this case is suitable for decision
without oral argument and, therefore, denies Thompson's request.　*See* Fed. R.
App. P. 34(a)(2).

de novo. *Gorospe v. Comm'r*, 451 F.3d 966, 968 (9th Cir. 2006). We affirm.

We previously issued a memorandum disposition affirming the Tax Court's decision dismissing Thompson's action for lack of subject matter jurisdiction because no notice of determination had been issued for the tax years in question. Subsequently, Commissioner of Internal Revenue ("CIR") filed a motion stating that, despite its previous representations, a notice of determination had been issued on August 11, 2009. CIR argued that the Tax Court still lacked jurisdiction because Thompson did not file a petition with the Tax Court within 30 days of the notice of determination. Thompson was directed to brief whether, in light of CIR's new evidence, the Tax Court had jurisdiction over his action. Thompson did not respond.

Accordingly, we conclude that the Tax Court properly determined that it lacked jurisdiction because Thompson did not file a petition within 30 days of a notice of determination. *See* 26 U.S.C. §§ 6320(c), 6330(d)(1) (conferring jurisdiction to the Tax Court for review of a levy or lien notice only after taxpayer files a petition for review within 30 days of receiving a determination based upon a collection due process hearing concerning the taxable period to which the unpaid tax relates); *Gorospe*, 451 F.3d at 968 (Tax Court's subject matter jurisdiction is statutorily limited by Title 26 of the United States Code).

Thompson's contentions concerning 26 U.S.C. § 7122 are unpersuasive.

**AFFIRMED.**