**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

PHILIP A. DUGGAN,
*Petitioner-Appellant*,

v.

COMMISSIONER OF INTERNAL REVENUE,
*Respondent-Appellee.*

No. 15-73819

Tax Ct. No.
4100-15 L

OPINION

Appeal from a Decision of the
United States Tax Court

Submitted December 7, 2017[*]
Seattle, Washington

Filed January 12, 2018

Before: Michael Daly Hawkins, M. Margaret McKeown,
and Morgan Christen, Circuit Judges.

Opinion by Judge Christen

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

## SUMMARY[**]

### Tax

The panel affirmed the Tax Court's dismissal of a petition for review of two Internal Revenue Service Notices of Determination, for lack of jurisdiction.

Petitioner mistakenly counted the first day after the date of the IRS's notices as day "zero" for purposes of calculating the 30-day period for filing a petition for review. The panel held that the 30-day deadline in I.R.C. § 6330(d)(1) is jurisdictional, and that petitioner's failure to meet the deadline divested the Tax Court of the power to hear his case and foreclosed any argument for equitable tolling.

### COUNSEL

Philip A. Duggan, Deer Park, Washington, pro se Petitioner-Appellant.

Janet A. Bradley, Robert W. Metzler, and Gilbert S. Rothenberg, Attorneys; Caroline D. Ciarolo, Acting Assistant Attorney General; Tax Division, United States Department of Justice, Washington, D.C., for Respondent-Appellee.

Carlton M. Smith, New York, New York; Professor T. Keith Fogg, Director, Harvard Federal Tax Clinic, Jamaica Plain, Massachusetts; for Amicus Curiae Linda Jean Matuszak.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## OPINION

CHRISTEN, Circuit Judge:

I.R.C. § 6330(d)(1) gives taxpayers aggrieved by an Internal Revenue Service (IRS) determination thirty days to file a petition for review in the Tax Court. Philip Duggan mistakenly counted the first day after the date of the IRS's determination as day "zero," and filed his petition for review on what was in fact the thirty-first day. The Tax Court held that Duggan's failure to meet § 6330(d)(1)'s filing deadline deprived it of jurisdiction to hear his case. We affirm.

## BACKGROUND

The IRS mailed to Duggan two Notices of Determination dated January 7, 2015, which proposed collection of unpaid income taxes for 2008, 2010, 2012, and 2013. Both notices informed Duggan that he could dispute the IRS's determinations by "fil[ing] a petition with the United States Tax Court within a 30-day period beginning the day after the date of this letter." The notices cautioned that § 6330(d)(1):

> . . . limits the time for filing your petition to the 30-day period mentioned above. The courts cannot consider your case if you file late. If you file an appeal in an incorrect court (e.g., United States District Court), you won't be able to refile in the United States Tax Court if the period for filing a petition expired.

Duggan erroneously assumed January 8, 2015, the first day after the date of the IRS determinations, was day zero.

Thirty-one days after the January 7, 2015 determinations—on February 7, 2015—Duggan mailed a petition for review to the Tax Court. The IRS Commissioner moved to dismiss the petition for lack of jurisdiction. Duggan opposed the Commissioner's motion, arguing that the IRS's notices were "incomplete, misleading, or ambiguous," and that his attempts to comply with the filing deadline were reasonable. The Tax Court granted the Commissioner's motion and dismissed Duggan's petition on jurisdictional grounds. Duggan moved for reconsideration, contending, among other things, that he should not be faulted for his reasonable interpretation of the filing deadline. The Tax Court denied Duggan's motion to reconsider, and Duggan timely appeals. We have jurisdiction under I.R.C. § 7482.

## STANDARD OF REVIEW

We review dismissals by the Tax Court for lack of jurisdiction *de novo*. *Gorospe v. C.I.R.*, 451 F.3d 966, 968 (9th Cir. 2006).

## DISCUSSION

The Tax Court is an Article I court of "limited jurisdiction." *C.I.R. v. McCoy*, 484 U.S. 3, 7 (1987) (per curiam). Because the Tax Court's "subject matter is statutorily granted," we must look to the relevant sections of the Tax Code to determine the court's jurisdictional reach. *See Gorospe*, 451 F.3d at 968. The Tax Court "may not use general equitable powers to expand its jurisdictional grant beyond this limited Congressional authorization." *Estate of Branson v. C.I.R.*, 264 F.3d 904, 908 (9th Cir. 2001). I.R.C. § 6330(d)(1) provides:

> A person may, within 30 days of a
> determination under this section, petition the
> Tax Court for review of such determination
> (and the Tax Court shall have jurisdiction
> with respect to such matter).

Before we may consider whether § 6330(d)(1)'s thirty-day deadline may be equitably tolled, Duggan must first establish that the deadline is not jurisdictional. This is because a party's failure to satisfy a deadline that *is* jurisdictional places the case beyond the powers of the court. *United States v. Kwai Fun Wong*, 135 S. Ct. 1625, 1631 (2015). The court would not have authority to entertain such a suit even if the timeliness objection were waived by the other party, or if a compelling argument for equitable tolling could otherwise be made. *Id.* Because the ramifications of missing a jurisdictional deadline are severe, the Supreme Court has emphasized that filing deadlines are jurisdictional only if Congress "clearly state[d]" them to be so. *Sebelius v. Auburn Reg'l Med. Ctr.*, 568 U.S. 145, 153 (2013); *see also Hamer v. Neighborhood Hous. Servs. of Chicago*, 138 S. Ct. 13, 20 n.9 (2017). Hence, "Congress must do something special, beyond setting an exception-free deadline, to tag a [filing deadline] as jurisdictional and so prohibit a court from tolling it." *Kwai Fun Wong*, 135 S. Ct. at 1632.

That said, Congress does not have to "incant magic words" to render a deadline jurisdictional, so long as "traditional tools of statutory construction . . . plainly show that Congress imbued a procedural bar with jurisdictional consequences." *Id.* (citing *Auburn Reg'l*, 568 U.S. at 153). The doctrine of *stare decisis* may also counsel against overturning well-settled law interpreting a deadline as jurisdictional, especially where "Congress has long

acquiesced in the interpretation . . . given." *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 139 (2008); *see Bowles v. Russell*, 551 U.S. 205, 209–10 (2007). Thus, "[t]o determine whether Congress has made the necessary clear statement, we examine the text, context, and relevant historical treatment of the provision at issue." *Musacchio v. United States*, 136 S. Ct. 709, 717 (2016) (internal quotation marks omitted).

In *Kwai Fun Wong*, the Supreme Court held that the time limits set out in 28 U.S.C. § 2401(b) of the Federal Tort Claims Act are not jurisdictional and may therefore be equitably tolled. 135 S. Ct. at 1629. Section 2401(b) declares that "[a] tort claim against the United States shall be forever barred unless it is presented . . . to the appropriate Federal agency within two years after such claim accrues" and is raised in federal court six months after the agency denies the claim. Despite the mandatory and emphatic language of the statute, the Court emphasized that ultimately, "[w]hat matters . . . is that § 2401(b) does not speak in jurisdictional terms or refer in any way to the jurisdiction of the district courts." *Id.* at 1633 (internal quotation marks omitted). Instead, the statute "reads like an ordinary, run-of-the-mill statute of limitations spelling out a litigant's filing obligations without restricting a court's authority." *Id.* (internal quotation marks omitted). The Court explained that this understanding of the text was confirmed by "[s]tatutory context." *Id.* Whereas § 2401(b) spells out the time limits for bringing a tort claim against the United States, the federal district court's authority to hear such claims is derived from

a different section of the same title, § 1346(b)(1).[1]  *Id.* Because "[n]othing conditions the jurisdictional grant on the limitations period, or otherwise links those separate provisions," the "structural divide built into the statute" indicates that failure to satisfy § 2401(b)'s deadlines does not divest the district court of power to hear the case.  *Id.* Observing, in addition, the legislative history's silence on whether § 2401(b) is jurisdictional, *Kwai Fun Wong* concluded that Congress did not make the clear statement required for § 2401(b)'s time bars to be jurisdictional.  *Id.*

In contrast, we held in *United States v. Pocklington*, 792 F.3d 1036 (9th Cir. 2015), that a district court had no authority, under 18 U.S.C. § 3565(c), to extend a sentence of probation in order to facilitate investigations into a defendant's alleged violation of a condition of probation. Section 3565(c) states:

> The power of the court to revoke a sentence of probation for violation of a condition of probation, and to impose another sentence, extends beyond the expiration of the term of probation for any period reasonably necessary for the adjudication of matters arising before its expiration if, prior to its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation.

---

[1] Section 1346(b)(1) provides that the "district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment . . . ."

Because the statute "unmistakabl[y]" speaks to the "*power of the court* to revoke a sentence of probation," and conditions it on the issuance of a warrant or summons before the term of probation expires, we concluded that the government's failure to timely procure a warrant or summons deprived the district court of jurisdiction. *Pocklington*, 792 F.3d at 1039–41 (emphasis in original).

Similarly, *Matuszak v. Commissioner of Internal Revenue*, 862 F.3d 192 (2d Cir. 2017), held I.R.C. § 6015(e)(1)(A)'s ninety-day deadline to be jurisdictional. Under that section of the Tax Code:

> . . . [an] individual may petition the Tax Court (and the Tax Court shall have jurisdiction) to determine the appropriate relief available to the individual under this section if such petition is filed . . . not later than the close of the 90th day after the date [the IRS issues its final notice of determination, or six months after the date the request was made.]

*Matuszak*, 862 F.3d at 195 (second alteration in original) (quoting § 6015(e)(1)(A)). While acknowledging that filing deadlines are "typically" "non-jurisdictional claim-processing rules," the Second Circuit nevertheless found in § 6015(e)(1)(A) the "rare statutory period[] that speak[s] in clear jurisdictional terms." *Id.* at 196 (internal quotation marks omitted). The court reasoned that by "plac[ing] the grant of jurisdiction and the time limitation in the same sentence and subsection," and by "expressly condition[ing] the Tax Court's jurisdiction on the timely filing of a petition" through the use of the conjunction "if," Congress manifested an intent for the ninety-day deadline to be jurisdictional. *Id.*

The Second Circuit also has held to be jurisdictional a statute related to the Tax Court that does not use the conditional word "if." In *Maier v. Commissioner of Internal Revenue*, 360 F.3d 361 (2d Cir. 2004), the court examined I.R.C. § 6015, which provides:

> In the case of an individual . . . who elects to have [innocent spouse provisions] apply[,] . . . the individual may petition the Tax Court (and the Tax Court shall have jurisdiction) to determine the appropriate relief available . . . .

The court observed that the statute is "unambiguous about who may file petitions for review with the Tax Court"— electing spouses. *Id.* at 364. By contrast, Congress did not grant the Tax Court jurisdiction "[any]where in § 6015, or any other congressional act . . . over petitions for review filed by non-electing spouses." Hence, *Maier* affirmed the Tax Court's dismissal of a petition for review filed by a non-electing spouse. *Id.* The Second Circuit's reasoning suggests that it viewed filing by an electing spouse as a condition on the Tax Court's jurisdiction, although the court did not explicitly say so. *See id.*

Here, I.R.C. § 6630(d)(1) states:

> A person may, within 30 days of a determination under this section, petition the Tax Court for review of such determination (and the Tax Court shall have jurisdiction with respect to such matter).

The statute at issue expressly contemplates the Tax Court's jurisdiction. Moreover, the filing deadline is given in the

same breath as the grant of jurisdiction. Although "[m]ere proximity will not turn a rule that speaks in nonjurisdictional terms into a jurisdictional hurdle," *Gonzalez v. Thaler*, 565 U.S. 134, 147 (2012), § 6630(d)(1) makes timely filing of the petition a condition of the Tax Court's jurisdiction. Like the Tax Code provision in *Maier*, § 6630(d)(1) is "unambiguous" that in order for the Tax Court to have jurisdiction, a petition for review must be filed "within 30 days of a determination." See *Maier*, 360 F.3d at 364. This makes § 6630(d)(1)'s thirty-day deadline jurisdictional. *See Pocklington*, 792 F.3d at 1039–41; *Matuszak*, 862 F.3d at 196; *Maier*, 360 F.3d at 364.

*Amicus*[2] insists that the statutory language is ambiguous. According to *amicus*, to tag § 6630(d)(1)'s filing deadline as jurisdictional, Congress needed to specify that:

> A person may, within 30 days of determination under this section, appeal such determination to the Tax Court (and the Tax Court shall have jurisdiction with respect to such matter only if the appeal is brought within such period).

*Amicus*'s rendition of the statute makes the consequences of missing the thirty-day deadline pellucid. But the test is whether Congress made a clear statement, not whether it made the clearest statement possible. The plain language of § 6630(d)(1) confers jurisdiction on the Tax Court if (and

---

[2] Because the decision in this case could potentially have affected the outcome of an appeal brought by another taxpayer, she was granted leave to file an *amicus* brief discussing the import of recent Supreme Court decisions on the jurisdictionality of § 6630(d)(1).

only if) a petition for review is filed in that court within thirty days of the IRS's determination. And while the legislative history is silent as to whether Congress intended the filing deadline in § 6630(d)(1) to be jurisdictional, "the best evidence of Congress'[s] intent is the statutory text." *Nat'l Fed'n of Indep. Bus. v. Sebelius*, 567 U.S. 519, 544 (2012).

*Amicus* also avers that an earlier version of § 6630(d)(1) contained a rule regarding timely filing in the wrong forum. As it stood in 2000, § 6630(d)(1) allowed a person who brought an appeal in an incorrect court thirty days to re-file in the correct court. This, by *amicus*'s lights, "strongly suggests that Congress did not think the 30-day period was jurisdictional or otherwise not subject to equitable tolling." But "[t]he starting point in discerning congressional intent . . . is the existing statutory text and not predecessor statutes." *Lamie v. U.S. Tr.*, 540 U.S. 526, 534 (2004) (internal citations omitted). Even if we were to consider this now-abrogated clause in § 6630(d)(1), the inference to be drawn from Congress's provision of a thirty-day period to re-file an appeal in the appropriate forum is not apparent. Congress might have intended the thirty-day deadline to file an appeal in the Tax Court to be non-jurisdictional while including a clause explicitly granting a second thirty-day deadline for misdirected appeals out of an abundance of caution or to sweep in cases not comprehended by the doctrine of equitable tolling. Alternatively, Congress might have intended the second thirty-day deadline to act as an exception that mitigates the harshness of an otherwise jurisdictional rule. Such speculation must yield to the text of the statute. *See United Food & Commercial Workers Union Local 751 v. Brown Grp., Inc.*, 517 U.S. 544, 550 (1996).

Accordingly, we hold that because the text of § 6630(d)(1) conditions the Tax Court's jurisdiction on the timely filing of a petition for review, the thirty-day deadline in § 6330(d)(1) is jurisdictional.[3]  Duggan's failure to meet this deadline divested the Tax Court of the power to hear his case and foreclosed any argument for equitable tolling.

## CONCLUSION

We affirm the Tax Court's dismissal of Duggan's petition for review for lack of jurisdiction.

**AFFIRMED.**

---

[3] We note that the Tax Court has consistently held the thirty-day deadline at issue to be jurisdictional. *See Guralnik v. C.I.R.*, 146 T.C. 230, 235–36 (2016).  These holdings have not been disturbed by any of the courts of appeals to have considered the matter, *see, e.g.*, *Gray v. C.I.R.*, 723 F.3d 790, 793 (7th Cir. 2013), *Thompson v. C.I.R.*, 486 F. App'x 682 (9th Cir. 2012); *Springer v. C.I.R.*, 416 F. App'x 681, 683 n.1 (10th Cir. 2011); *Tschida v. C.I.R.*, 57 F. App'x 715 (8th Cir. 2003).